UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


RICARDO MIGUEL ZEFERINO BARBOSA,   *
                                        *

             Plaintiff,                     *

                                         *

             v.                         *

                                         *            C.A. No. 14-13439-ADB

COMMONWEALTH OF              *

MASSACHUSETTS,               *

                                         *

             Defendant.                  *

                                         *


MEMORANDUM AND ORDER

BURROUGHS, D.J.

       For the reasons set forth below, the Court denies the plaintiff's motion to stay this case and grants the plaintiff's motion to amend his complaint.  The plaintiff will have 42 days to file an amended complaint.

## I.     BACKGROUND

       Pretrial detainee Ricardo Miguel Zeferino Barbosa ("Barbosa") has filed a complaint and supplemental pleadings in which he challenges the fact of his current detention, the amount of bail required for release, the present criminal prosecution against him, and various aspects of his confinement.  In an Order dated September 1, 2015 [Dkt. No. 18], the Court granted his motions for leave to proceed *in forma pauperis* and directed him to file an amended complaint.  The Court explained that it could not address the proprietary of his bail because challenges to the fact or duration of confinement had to be raised in a petition for a writ of habeas corpus.  The Court also stated that, even if the Court were to construe the complaint as a petition for a writ of habeas corpus, the Court could not entertain the action because Barbosa had not exhausted his state

remedies.  Finally, the Court held that any interference in a pending criminal prosecution was precluded by the doctrine of *Younger* abstention.

Now before the Court are two motions filed by the plaintiff in response to the show cause order.  In the first motion, filed on September 22, 2015, [Dkt. No. 21], Barbosa asks the Court to stay this case while he exhausts his state remedies.  Barbosa characterizes his earlier filings as a "mixed" habeas petition and states that there are "several State Court actions that haven't been adjudicated, yet are relevant to this action, containing some claims that have been exhausted in the state courts and some that have not."  *Id.* at 1.  He asks the Court to invoke the "stay-and-abeyance" mechanism so that he can exhaust his state remedies and then return to this Court to litigate all of his claims.

In the second motion to amend, filed on October 9, 2015, [Dkt. No. 22], Barbosa states that he seeks additional time to prepare an amended complaint concerning a range of alleged misconduct: his warrantless arrest; an assault on him by police officers; the confiscation of his personal property and the subsequent failure of the defendants to return it to him despite a court order requiring them to do so; the pending prosecution against him for a crime he did not commit; being prevented from attending important family events because he was detained; an assault on him by a guard at the Essex County Jail; and being forced to live with convicted inmates who are serving life sentences without the possibility of parole.  The plaintiff also contends that Eleventh Amendment immunity does not apply to the Commonwealth because he has complied with the presentment requirements of the Massachusetts Tort Claims Act.  Finally, he asks if he can "be given time to seek a professional order to argue the abuses that are occurring in the State system and if he is ultimately acquitted, can he seek compensation for the time awaiting trial and the punishments faced with in comparison to new age slavery?"

II.     **DISCUSSION**

A.      **Motion to Stay**

The Court will deny the motion to stay because the "stay and abeyance" mechanism sometimes invoked in habeas proceedings is not applicable to this action.

Barbosa's pleading is not, in fact, a "mixed petition," which is a term used in the context of a state habeas petition. A petition under 28 U.S.C. § 2254 ("§ 2254" or "state habeas") is the vehicle by which a person who is "in custody pursuant to the judgment of a State court" may seek federal judicial review of the constitutionality of his confinement. 28 U.S.C. § 2254(a). A § 2254 petition in which one or more of the claims have been exhausted in the state court and one or more of the claims have *not* been exhausted in state court is referred to as a "mixed petition." *See Rhines v. Weber*, 544 U.S. 269, 271 (2005). A petitioner may file a mixed petition to ensure that his exhausted claims are filed within the period of limitations and to avoid the significant limitations on filing a second or successive § 2254 petition. *See* 28 U.S.C. § 2244(b). Under the "stay-and-abeyance" procedure that is sometimes applied to mixed petitions, a district court stays the adjudication of the § 2254 petition while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the stay is lifted and he may pursue all claims in his original § 2254 petition. *See Rhines*, 544 U.S. at 275-76.

The "stay-and-abeyance" procedure has no application to the present action. His submissions do not constitute a "mixed petition," as that term is used in regards to the "stay-and-abeyance" procedure, because he does not have any fully exhausted claims for habeas relief. He may, as more fully explained below, have cognizable claims that can be pursued, but these do

not fall under § 2254 or implicate the "stay and abeyance" concept.   Thus, the Court will deny the motion to stay.

### B.        Motion to Amend

The Court will permit Barbosa to file an amended complaint.  As the Court has previously explained, it will not exercise jurisdiction over any claims that would result in this Court interfering with the pending prosecution against Barbosa, including the claim that he is being prosecuted for a crime that he did not commit.

Further, apart from the jurisdictional issue, it appears that Barbosa cannot presently state a claim (state or federal) based on a theory of wrongful prosecution because the criminal proceedings have not been terminated in his favor.  Whether a claim for wrongful prosecution is brought under state law or under federal law, an essential element of the claim is that the proceedings in question have been terminated in the accused's favor.  *See Hernandez-Cuevas v. Taylor*, 723 F.3d 91, 101 (1st Cir. 2013) (Fourth Amendment malicious prosecution claim); *Limone v. United States*, 579 F.3d 79, 89 (1st Cir. 2009) (state tort law claims for malicious prosecution).[1]  Even then, the doctrines of prosecutorial immunity, *see Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutors are entitled to absolute immunity for claims arising out of

---

[1] Barbosa cannot bring a claim for a violation of his Fourteenth Amendment due process rights based on an allegedly wrongful prosecution.  *See Nieves v. McSweeney*, 241 F.3d 46, 53 (1st Cir. 2001) ("It is perfectly clear that the Due Process Clause cannot serve to ground the appellants' federal malicious prosecution claim. No procedural due process claim can flourish in this soil because Massachusetts provides an adequate remedy for malicious prosecution.")  Rather, where, as here, the state's tort law recognizes a cause of action for malicious prosecution (that is, a prosecution unsupported by probable cause), an individual may only bring a § 1983 malicious prosecution claim under the Fourth Amendment.  *See Hernandez-Cuevas*, 23 F.3d at 91, 101 (1st Cir. 2013) (litigant, against whom criminal charges had been dismissed, could bring Fourth Amendment *Bivens* claim for pretrial detention without probable cause). To prove such a claim, plaintiff must show that "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Id.*

conduct "intimately associated with the judicial phase of the criminal process"), judicial

immunity, *see Pierson v. Ray*, 386 U.S. 547, 554 (1967) (judges are immune "from liability for

damages for acts committed within their judicial jurisdiction . . . even when the judge is accused

of acting maliciously and corruptly"), and witness immunity, *see Briscoe v. LaHue*, 460 U.S.

325, 329-46 (1983), may limit the scope of his claims.

All of that being said,  there exists a very narrow category of § 1983 claims—for false

imprisonment or false arrest—that accrue prior to a termination of the proceedings in favor of the

accused. Unlike the statute of limitations for malicious prosecution, which begins to run upon the

termination of the challenged criminal proceeding, the limitations period for false imprisonment

or false arrest claims under § 1983 "begins when the arrestee is released or detained pursuant to

legal process." *Holmes v. Meleady*, 738 F. Supp. 2d 196, 201-202 (D. Mass. 2010) (citing

*Wallace v. Kato*, 549 U.S. 384, 389 (2007)). For example, a claim that a warrantless arrest was

wrongful accrues when the individual is released or, in the case where the arrest leads to pretrial

detention, when he is bound over by a magistrate or arraigned on the charges.  *See Wallace*, 549

U.S. at 391.  If Barbosa is asserting such a claim, he should be aware that the limitations period

is currently running and likely began running shortly after his arrest.  Regardless of the posture

of the criminal prosecution, he should bring any § 1983 claim for pre-arraignment detention

within three years of the date that he was detained pursuant to legal process.[2]  If adjudication of

the claim would interfere with the state criminal process, the Court will stay this action, thus

---

[2] In the interest of informing Barbosa that the period of limitations may be running on certain §1983 claims he intends to assert, *see Nieves*, 241 F.3d at 51 (Massachusetts three-year limitations for personal injury "borrowed" for action under 42 U.S.C. § 1983), the Court is not, in any way, suggesting that the plaintiff should or should not bring such claims.

preserving Barbosa's claim even if it cannot be immediately adjudicated *See Wallace*, 549 U.S. at 393-94.

Finally, the Court reiterates its earlier holding that Barbosa's claims against the Commonwealth are barred by Eleventh Amendment immunity.  Barbosa argues in his motion to amend that Eleventh Amendment immunity does not apply to his claims against the Commonwealth under the Massachusetts Tort Claims Act ("MTCA") because he has complied with the presentment requirement of M.G.L. ch. 258, § 4.  This argument is, however, unavailing.   Although his fulfillment of the presentment requirement allows him to bring suit against a "public employer" in the Commonwealth, the MTCA does not waive the state's Eleventh Amendment immunity.  *See Irwin v. Comm'r of Dep't of Youth Servs.*, 388 Mass 810, 821 (1983); *Caisse v. DuBois*, 346 F.3d 213, 218 (1st Cir. 2003).  If a litigant is bringing a claim under the MTCA against a person employed by a municipality, he may bring the claim in federal or state court.  If a litigant wants to bring a claim under the MTCA against the Commonwealth (including arms of the state), he cannot bring it in federal court, but rather can only litigate such a claim against a state in state court.

## III.     CONCLUSION

Accordingly:

1.     The Motion to Stay/Amend [Dkt. No. 21] is DENIED to the extent that Barbosa seeks to stay this action so that he may exhaust state remedies.

2.     The Motion to Amend [Dkt. No. 22] is GRANTED to the extent that Barbosa seeks leave to file an amended complaint.  Barbosa shall file the amended complaint within 42 days of the date of this Order, and it must comply with all the requirements set forth in this Order and the Court's September 1, 2015 Order [Dkt. No. 18].  Failure to comply with this

directive will result in dismissal of this action without prejudice, although Barbosa will remain obligated to pay the filing fee.  This ruling leaves Barbosa the options of filing a § 2254 petition at the appropriate time or filing a later § 1983 claim if his criminal case is adjudicated in his favor.

      3.      The Clerk shall provide Barbosa with another copy of the Court's September 1, 2015 Order [Dkt. No. 18].

**SO ORDERED.**

November 17, 2015                     /s/ Allison D. Burroughs
                                          ALLISON D. BURROUGHS
                                          U.S. DISTRICT JUDGE