UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICARDO MIGUEL ZEFERINO BARBOSA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. No. 14-13439-ADB |
| | * | |
| COMMONWEALTH OF MASSACHUSETTS, et al., | * | |
| | * | |
| | * | |
| Defendant. | * | |
| | * | |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

Now before the Court are the plaintiff's amended complaint, addendum to the amended complaint, and motion to further amend the complaint. For the reasons set forth below, the Court will limit the scope of the operative pleading to the amended complaint.

I. **BACKGROUND**

Pretrial detainee Ricardo Miguel Zeferino Barbosa ("Barbosa") filed a complaint and supplemental pleadings in which he challenged the fact of his current detention, the amount of bail required for release, the present criminal prosecution against him, and various aspects of his confinement. In separate orders [ECF Nos. 18, 23, 28], the Court directed him to file an amended complaint. The Court held that it could not address the proprietary of his bail because challenges to the fact or duration of confinement had to be raised in a petition for a writ of habeas corpus. The Court also held that any interference in a pending criminal prosecution was precluded by the doctrine of *Younger* abstention and that any claim for malicious prosecution did not exist unless and until the challenged prosecution terminated in the plaintiff's favor. The

Court has also explained to him the notice pleading requirement of Rule 8(a) of the Federal Rules of Civil Procedure and the requirement that claims against multiple defendants arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).

The plaintiff has how filed an amended complaint [ECF. No. 31], an "addendum" to the amended complaint [ECF. No. 36], and a motion to further amend his complaint [ECF. No. 38].

## II.    DISCUSSION

Although summonses issued as to the amended complaint on July 6, 2016 [ECF No. 42],[1] the Court may still complete its preliminary screening of the pleading. *See* 28 U.S.C. §§ 1915(e)(2)   Upon review of the amended complaint, addendum, and the motion to amend, the Court finds that clarification of the scope of the operative pleading is necessary.

### A.    Amended Complaint [ECF No. 31]

The amended complaint contains a narrative of Barbosa's arrest on November 6, 2013, the seizure of his property incident to his arrest, his failed attempts to retrieve this property, his attempts to be released on bail, the loss of his property when he was transferred from a county house of correction to a prison, and complaints about conditions of confinement as a pretrial detainee.  The Court reads the amended complaint as setting forth the following three claims:

    1.    The loss and/or destruction of property in conjunction with Barbosa's arrest on November 6, 2013.  *See* Amend. Compl. ¶¶ 6, 27[2]

---

[1] The docket indicates that summonses first issued on January 28, 2016 [ECF No. 32]. However, because the amended complaint was subject to a preliminary screening, the summonses were not mailed to the plaintiff. Because of a clerical oversight, the docket does not contain any notation that the summonses issued in January 2016 were not mailed to the plaintiff.

[2] Barbosa also brings a separate claim against Adam Lally and Michael Morrissey for "intentional infliction of emotional distress, theft of money and property, loss of lifetime and

      2.      Deficient conditions of confinement while a pretrial detainee in a facility operated by the Department of Correction.  *See id.* ¶ 24.

      3.      Deficient conditions of confinement while a pretrial detainee in the Norfolk County Jail.  *See id.* ¶ 25.

The Court will allow these three claims to go forward except that, to the extent that Barbosa is attempting to bring a claim for malicious prosecution, such claim cannot be maintained for the reasons set forth in the Court's previous orders.  The Court will also direct the United States Marshals Service to complete service as directed by the plaintiff.

    **B.**    **Plaintiff's Addendum [ECF No. 36]**

Under the Federal Rules of Civil Procedure, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  Barbosa's addendum contains additional claims concerning conditions of his confinement as a pretrial detainee that apparently occurred after he filed the amended complaint.  The Court will therefore construe the filing to be a supplemental pleading.[3]

---

uncompensable life events from their malicious prosecutions and applications of laws . . . . The daily suffrage of the plaintiff and failing to cease it through a nolle prossequi . . ."  Amend. Compl. ¶ 26.  This claim will not be part of the operative complaint.  The claim for theft of money and property is already included in paragraph 6.  The Court has already explained that any claim for malicious prosecution is not ripe and that the Court will not interfere with a pending state criminal action.

[3] For purposes of this memorandum and order, the Court will review the supplemental pleading notwithstanding the absence of a motion for leave to file the document.  In the future however, should Barbosa seek to supplement or further amend the complaint, he must first seek leave of the Court.  *See* Fed. R. Civ. P. 15(a)(2), (d).

Under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that it needs to include "enough detail to provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests,'" *Silverstrand Invs. v. AMAG Pharm., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013) (quoting *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011)) (alteration in original), or, in other words, the statement of the claim "must 'at least set forth minimal facts as to who did what to whom, when, where, and why,'" *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004)).

Here, it would be impossible for any defendant to respond to the allegations of the addendum because Barbosa does not specify the individuals actors involved in the alleged misconduct. The plaintiff alleges that he is unable to attend religious services, does not have sufficient access to the law library, is housed with inmates serving life sentences, and that he is only allowed to have non-contact visits. While these issues may provide grounds for causes of action, they are insufficient as a "statement of the claim" given the failure to identify any defendant and his or her conduct.

Thus, the addendum will not be considered as part of the operative pleading. Should Barbosa seek to assert these claims in this action, he must include a proposed supplemental pleading in which he identifies the individual actors who participated in the alleged misconduct and the actions of each of those persons.

C. **Motion to Amend [ECF No. 38]**

In his motion to amend to add two more defendants, Barbosa seeks to assert claims against the chairperson of the Commonwealth's Sex Offender Registry Board and the owner of Google. He claims that they are responsible for the dissemination of defamatory information about him. Barbosa's proposed amendment names new defendants and does not concern events that arise "out of the same transaction, occurrence, or series of transactions or occurrences," Fed. R. Civ. P. 20(a)(2)(A), as the claims set forth in the amended complaint. The Court will therefore deny the motion to amend. If the plaintiff wishes to pursue the proposed claims, he must file a separate action.

## III. CONCLUSION

Accordingly:

1. The amended complaint [ECF No. 31] shall be the operative pleading and the claims shall be limited to the three claims identified above. The other portions of the amended complaint will be considered to be factual allegations in support of the three claims.

2. The addendum [ECF No. 36] shall not be part of the operative pleading.

3. The motion to amend [ECF No. 38] is DENIED.

4. Should Barbosa seek to supplement or further amend the operative pleading, he must first ask for leave of court to do so in accordance with Rule 15 of the Federal Rules of Civil Procedure. Any motion to supplement or amend must be filed with the proposed document for filing. Any request for relief must be in the form of a motion.

5. Because Barbosa is proceeding *in forma pauperis*, he may elect to have service completed by the United States Marshals Service ("USMS"). If the plaintiff chooses to have service completed by the USMS, he shall provide the agency with all papers for service on the

defendants and a completed USM-285 form for each party to be served.  The USMS shall complete service as directed by plaintiff with all costs of service to be advanced by the United States.  The Clerk shall provide the plaintiff with forms and instructions for service.

      6.      Because none of the parties have entered an appearance, the plaintiff shall serve a copy of this order on the defendants.  To the extent possible, the defendant shall serve a copy of this order with the summons and complaint.

      7.      Service must be completed by October 18, 2016.

**SO ORDERED.**

July 22, 2016                                         /s/ Allison D. Burroughs
                                                            ALLISON D. BURROUGHS
                                                            U.S. DISTRICT JUDGE