UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICARDO MIGUEL ZEFARINO BARBOSA,
    Plaintiff,

v.                                            CIVIL ACTION NO. 14-13439-ADB

COMMONWEALTH OF MASSACHUSETTS, et al.,
    Defendants.

REPORT AND RECOMMENDATION ON
DEFENDANTS MORRISSEY, LALLY, BELLOTTI,
KELLY, COUSINS, STATEZNI, WALL, DEVLIN, WORNUM,
TENAGLIA, AND PATRICIA LENCKI'S MOTION TO DISMISS (#109).

KELLEY, U.S.M.J.

I. Introduction.

Plaintiff Ricardo Miguel Zefarino Barbosa, proceeding pro se, brought this action against, among others, Norfolk District Attorney Michael Morrissey; Norfolk Assistant District Attorney Adam C. Lally; former chairman of the Parole Board and current Superior Court Judge Joshua Wall; Parole Officers Kevin Devlin, Debra Wornum, and Robert Tenaglia; Norfolk Sheriff Michael G. Bellotti;[1] Essex Sheriff Frank Cousins; Norfolk Sheriff's Office employee Mary Kelly; and Essex Sheriff's Office employee "Captain Statezni"[2] alleging violations of his constitutional rights stemming from his November 6, 2013 arrest; the seizure of his property

---

[1] In a subsequent filing (#128), Barbosa moved to dismiss Michael Bellotti. A Report and Recommendation (#144) recommending the motion be allowed has issued. As a result, the court need not address the claims levied against Bellotti.

[2] The amended complaint fails to provide Captain Statezni's first name. (*See* #31.)

1

incident to his arrest; his failed attempts to retrieve this property; his attempts to be released on bail; the loss of his property when he was transferred from a county house of correction to a prison; and complaints about conditions of confinement as a pretrial detainee. (#31; #44 at 2 (summarizing the amended complaint (#31)); #110 at 1.) In its July 22, 2016 Memorandum and Order (#44), the district court construed Barbosa's amended complaint to have pled three claims:

> 1. The loss and/or destruction of property in conjunction with Barbosa's arrest on November 6, 2013. *See* Amend. Compl. ¶¶ 6, 27
>
> 2. Deficient conditions of confinement while a pretrial detainee in a facility operated by the Department of Corrections. *See id.* ¶ 24
>
> 3. Deficient conditions of confinement while a pretrial detainee in the Norfolk County Jail. *See id.* ¶ 24

(#44 at 2-3) (footnote omitted).[3] The first and third claims are relevant to the moving defendants.[4] The above-listed defendants have moved to dismiss all claims against them (#109) for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P.; Barbosa responded in opposition (##111, 112, 134, 135, 150).

## II. The Facts.

Barbosa's claims stem from a 2013 arrest, subsequent rape charge, and pretrial detention.[5]

---

[3] In the same Order, the district court afforded Barbosa the opportunity to supplement or further amend the operative pleading in accordance with Rule 15, Fed. R. Civ. P. (*See* #44 at 5.) In compliance with the district court's Order, plaintiff moved to supplement the amended complaint, (#45), which motion was granted (*see* #62). That said, the supplemental pleading (#45) does not pertain to any defendant addressed in this Report and Recommendation and need not be considered by the court here. (*See* #62 (listing the defendants to the supplemental pleading).)

[4] None of the moving defendants are associated in any way with the Department of Corrections. Thus, the court need not address claim 2 in the context of this motion.

[5] The amended complaint does not contain any factual coherence or chronological ordering of the events described. Rather, a barrage of accusations are made against many defendants stemming from a variety of incidents, some of which appear to be germane to the matter at bar, while others correlate to litigation

III. <u>Standard of Review</u>.

A Rule 12(b)(6) motion to dismiss challenges a party's complaint for failing to state a claim. In deciding such a motion, a court must "'accept as true all well-pleaded facts set forth in the complaint and draw all reasonable inferences therefrom in the pleader's favor.'" *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011) (quoting *Artuso v. Vertex Pharm., Inc.*, 637 F.3d 1, 5 (1st Cir. 2011)). When considering a motion to dismiss, a court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Haley*, 657 F.3d at 46 (citing *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003)).

In order to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "obligation to provide the grounds of [the plaintiff's] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotation marks and alteration omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," and to cross the "line from conceivable to plausible." *Id.* at 555, 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). Simply put, the court should assume that well-pleaded

---

entirely unrelated to the instant action. (*See, e.g.*, #31 at 5-8, 10-16.) In an effort to address the claims deemed viable by the district court, the court will recite the relevant facts in its analysis of the two claims.

facts are genuine and then determine whether such facts state a plausible claim for relief. *Id.* at 679.

### III. Discussion.

#### A. 42 U.S.C. § 1983.[6]

Section 1983 is a procedural mechanism through which constitutional and statutory rights are enforced. *Albright v. Oliver,* 510 U.S. 266 (1994).

> The statute, i.e., § 1983, 'is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred . . . by the United States Constitution and federal statutes.' *Rodriguez–Garcia v. Municipality of Caguas,* 354 F.3d 91, 99 (1st Cir. 2004) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). [. . .]
>
> In order to prevail in a § 1983 claim plaintiff must bring forth evidence that defendant (1) acted 'under color of state law' and (2) deprived plaintiff of a federally protected right. *Cepero–Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005)

*Bibiloni Del Valle v. Puerto Rico*, 661 F. Supp. 2d 155, 177 (D.P.R. 2009) (some alteration in original) (further internal citation omitted).

#### B. Claims.

The claims asserted against the moving defendants fail to satisfy the pleading requirements set forth in Rule 8, Fed. R. Civ. P. Under Rule 8, Barbosa must plead more than mere allegations that the defendants harmed him. *Iqbal,* 556 U.S. at 662 (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation" (quoting *Twombly,* 550 U.S. at 555)). This means that Barbosa needs to include "enough detail to provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests,'" *Barbosa v. Commonwealth of Massachusetts*,

---

[6] Barbosa asserts that he "sues under the Civil Rights Act." (#31 at 2.) Taking the facts alleged in a light most favorable to plaintiff, the court construes the amended complaint to asseverate claims under § 1983.

No. CV 14-13439-ADB, 2016 WL 3976555, at *2 (D. Mass. July 22, 2016) (quoting *Silverstrand Invs. v. AMAG Pharm., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013)) (alteration in original) (further internal citation omitted). The statement of each claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." *Calvi v. Knox County,* 470 F.3d 422, 430 (1st Cir. 2006). Although the requirements of Rule 8(a)(2) are minimal, "'minimal requirements are not tantamount to nonexistent requirements.'" *Id.* (quoting *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir. 1988)). The amended complaint also fails to allege actionable conduct under § 1983.

1. Loss and/or Destruction of Property.

The amended complaint alleges two instances outside of the detention center setting where Barbosa's property was lost or destroyed: 1) the theft of money at the time of his arrest; and 2) the vandalism of his home.

With respect to the theft of money at the time of his arrest, Barbosa asserts that defendants Devlin, Tenaglia, Wornum, Wall, Lally, and Morrissey stole $27,768.00 from him. (#31 at 3-4.) Plaintiff alleges that on the night of November 6, 2013, he was arrested and transported to the Quincy Police Department for booking. *Id.* at 4; (#31-13 at 7.) While plaintiff was being fingerprinted, photographed, and read his *Miranda* rights, his coat, which allegedly held the almost $28,000.00 in an envelope, (*see* #31 at 18), was searched and the money was removed. *Id.* at 4.

As a threshold matter, the claim as pled fails to satisfy the requirements of Rule 8. Plaintiff simply lists a number of defendants whom he says stole his money. Indeed, Barbosa asserts that "Kevin Devlin, James Lencki, Robert Tenaglia, Debra Wornum, Joshua Wall, Paul Keenan, Adam Lally, Michael Morrissey, *or* Joseph Lencki . . . removed this money from the

5

Plaintiff's coat . . . ." *Id.* (emphasis added). In other words, Barbosa simply proffers individuals who could have potentially absconded with his money, yet does not identify exactly whom he believes to be responsible. This allegation fails to provide fair notice to the relevant defendant(s). For this reason alone Barbosa's claim should be dismissed.

Setting aside Barbosa's failure to comply with Rule 8's pleading requirements, even if it is assumed that one, or all, of the enumerated defendants wrongfully took Barbosa's money and had sufficient notice of the claim asserted by plaintiff, the amended complaint fails to make out a viable cause of action under § 1983 because Barbosa was not deprived of a federally protected right. Plaintiff's allegation is that he was intentionally deprived of his property without due process, in violation of the Due Process Clause of the Fourteenth Amendment. In such a situation, the Supreme Court has held

> that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.

*Hudson v. Palmer*, 468 U.S. 517, 533 (1984). In a more recent decision, Justices Kennedy and Thomas

> set forth their views that the *Parratt–Hudson*[7] doctrine stands for the proposition that '[i]n the ordinary case where an injury has been caused not by a state law, policy, or procedure, but by a random and unauthorized act that can be remedied by state law, there is no basis for [federal court] intervention under § 1983,' in a

---

[7] In *Parratt v. Taylor*, 451 U.S. 527 (1981), the Court held that no pre-deprivation process was required where a state actor negligently deprived the plaintiff of his property, so long as adequate post-deprivation remedies were available. In *Hudson*, the Court extended its earlier *Parratt* decision to include the intentional deprivation of property by a state actor. These decisions have been termed "the *Parratt-Hudson* doctrine." However, given that Barbosa alleges that defendants intentionally destroyed his property, the court need not address the *Parratt* portion of the doctrine. That said, even if plaintiff's allegations were construed to assert that defendants negligently destroyed his property, the court's conclusion remains the same. *See generally Parratt*, 451 U.S. 527.

6

suit alleging only a procedural due process claim. [*Oliver,* 510 U.S. 266] at 285, 114 S.Ct. 807 (Kennedy, J., concurring in the judgment). This 'commonsense teaching' is designed to 'respect[ ] the delicate balance between state and federal courts,' and to ensure that the Due Process Clause of the Fourteenth Amendment does not turn into 'a font of tort law to be superimposed upon whatever systems may already be administered by the States.' *Id.* at 284, 114 S.Ct. 807 (quoting *Parratt,* 451 U.S. at 544, 101 S.Ct. 1908) (internal quotation mark omitted).

*San Geronimo Caribe Project, Inc. v. Acevedo-Vila*, 687 F.3d 465, 480–81 (1st Cir. 2012) (alteration in original). In *Hudson*, the court relied on the fact that under Virginia (the state in which the plaintiff was located) law a state employee may be held liable for his intentional torts in finding that the plaintiff had adequate post-deprivation remedies such that his § 1983 claim failed. Here, the court finds an equivalent avenue of relief to exist in Massachusetts. *See*, *e.g., Spring v. Geriatric Auth. of Holyoke*, 394 Mass. 274, 295 n. 9 (1985) ("While public employers . . . may not be held liable for intentional torts committed by their employees, the employees may be personally liable for any harm they have caused"); *see also* Mass. Gen. Laws ch. 258 § 10(c).[8, 9] Because Barbosa has adequate post-deprivation remedies with respect to the alleged taking of his property, his allegations do not constitute actionable conduct under § 1983.

The second alleged loss or destruction of Barbosa's property outside of the detention center setting occurred when Devlin "appeared at [plaintiff's] home . . . , vandalized [his] room . . . , [and] removed personal property. . . ." (#31 at 12.) The amended complaint fails to provide a

---

[8] Section 10(c) of Mass. Gen. Laws ch. 258, the Massachusetts Tort Claims Act, denies immunity to state actors for claims "arising out of an intentional tort." *See, e.g.*, *Dobelle v. Flynn*, 12 F. Supp. 3d 274, 292 (D. Mass. 2014) ("As Plaintiff points out, both the state law claim of tortious interference with a contract and the state law conspiracy claim are intentional torts for which M.G.L. c. 258, § 2 provides no immunity. This is made clear both by the statute itself, *see* M.G.L. c. 258, § 10(c) . . . and applicable case law, *see Wentworth Precious Metals, LLC v. City of Everett*, 2013 WL 441094, at *14 (D. Mass. Feb. 4, 2013)").

[9] In addition to the remedies available under Massachusetts tort law, defendants note that, upon resolution of his state court matter, Barbosa can, pursuant to Mass. Super. Ct. R. 61, file a motion for the return of his property. (#110 at 10 (citing Mass. Super. Ct. R. 61; *Com. v. Sacco*, 401 Mass. 204, 205-208 (1987)).)

7

date as to when these alleged actions occurred. *See id.* Like Barbosa's other loss and destruction of property claim, these allegations do not rise to the level of actionable conduct under § 1983 given the existence of state court remedies, i.e., Massachusetts tort law, available to plaintiff and so must be dismissed.

Thus, all of Barbosa's claims with respect to the alleged loss of, or damage to, his personal effects outside of the correctional facility setting should be dismissed.

### 2. Norfolk County Jail Conditions of Confinement.

Turning to Barbosa's allegations regarding illicit conduct that took place while he was housed in the Norfolk County Jail as a pretrial detainee, plaintiff accuses Norfolk Sheriff's Office employee Mary Kelly of failing to transport him to his grandfather's funeral. (*See* #31 at 10, 17.) Beyond his assertion that Kelly caused his nonattendance at his grandfather's funeral, Barbosa does not explain what, if any, action the she took to prevent his attendance at the funeral. Indeed, the amended complaint simply asserts that "plaintiff was transferred by the sheriff's office of Norfolk County but not transported to his grandfather's funeral. Mary Kelly is in charge of classification and Michael Bellotti is in control[,]" *id.* at 10, and goes on to asseverate that Kelly "caus[ed] [Barbosa] emotional distress . . . from not allowing [him] to attend [his] grandfather's wake . . . [,]" *id.* at 17. Plaintiff provides no factual support or explanation as to how Kelly was allegedly involved in the furlough process or what action she took to cause Barbosa's harm. It is clear that these are exactly the type of "the defendant-unlawfully-harmed-me accusation[s]" the *Iqbal* court deemed insufficient to satisfy Rule 8. *See Iqbal,* 556 U.S. at 662. At any rate, these allegations cannot be salvaged by amendment because Barbosa's furlough claim fails as a matter of law.

Barbosa must allege that Kelly deprived him of a federally protected right. Here, plaintiff does not, nor could he, allege that he had a federally protected right to attend his grandfather's funeral. Put another way, the lynchpin of Barbosa's claim is whether he has a liberty interest under the Fourteenth Amendment to attend his grandfather's funeral. The case law makes clear that he does not.

The Supreme Court has held that "[i]n evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The Court went on to explain that

> [n]ot every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense, however. Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. . . . Whether it be called a jail, a prison, or a custodial center, the purpose of the facility is to detain. Loss of freedom of choice and privacy are inherent incidents of confinement in such a facility. And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'

*Id.* at 537.

Applying this logic, denial of Barbosa's request to attend his grandfather's funeral did not rise to the level of punishment. Moreover, even if the denial of a furlough was assumed to be a disability, it is "but an incident of . . . [a] legitimate governmental purpose," *id.* at 538, that being, Barbosa's detention pending trial. In sum, Barbosa's claim that prohibiting him from attending his grandfather's funeral violated his due process rights must fail.

In addition to his furlough claim, Barbosa alleges that Kelly caused him emotional distress as a result of his being transferred and losing his property. (#31 at 10, 17.) The amended

9

complaint, in the same allegation, extends liability for these alleged wrongdoings to defendants Cousins and Statezni (the Essex defendants) as well. *See id.* at 17. Review of the documents attached to the amended complaint reveals that Barbosa was transferred from the Essex County Jail to Souza-Baranowski, a Department of Corrections facility. (*See* #31-8 at 5-8.) Thus Barbosa's claim against Kelly fails for want of factual support and his claim against the Essex defendants is barred by the district court's Order limiting the operative claims to those pertaining to Kelly (and others not at issue here). Moreover, these claims do not satisfy the pleading requirements of Rule 8. The amended complaint does not explain what action Kelly, or the Essex defendants, took to cause plaintiff to be transferred or effect the loss of his property. In addition, plaintiff fails to establish a due process violation, i.e., that he was deprived of his property without adequate process. Notably, the letter from an official at Souza-Baranowski to Barbosa, (#31-8 at 7), informs plaintiff of the appropriate process through which he could obtain his possessions. Because an adequate post-deprivation remedy exists, the claim fails.

To conclude, all claims relating to Barbosa's confinement in the Norfolk County Jail should be dismissed.[10]

## IV. Conclusion.

---

[10] Barbosa levies several allegations pertaining to his confinement in the Essex County Jail. The court will address briefly these claims.

Plaintiff alleges that "[h]is sentence at Essex was illegal and after it expired[,] he still remained there . . . ." (#31 at 3.) This allegation, without additional factual support, is conclusory and need not be credited. In addition, the amended complaint asserts that "plaintiff was . . . assaulted by a guard at the Essex jail and as retaliation, all [of] his purchased property and legal papers were destroyed." *Id.* at 4. Barbosa's failure to identify either the guard who allegedly attacked him or the individual responsible for the destruction of his property is fatal to the claim. That the amended complaint goes on to assert that Barbosa "requests to be compensated for his lost property by Frank Cousins and Captain Statezni who he was in frequent contact with at the Essex Jail" does not disturb the court's conclusion, given that plaintiff does not set forth what actions were allegedly taken by either defendant as well as what property was lost. Barbosa also alleges that the Essex defendants failed to bring him to his grandfather's funeral. (#31 at 3, 17.) As has been made clear, plaintiff has no federally protected right to furlough, and this claim must fail.

For all of the reasons stated, I RECOMMEND that Defendants Morrissey, Lally, Bellotti, Kelly, Cousins, Statezni, Wall, Devlin, Wornum, Tenaglia, and Patricia Lencki's[11] Motion to Dismiss (#109) be ALLOWED.

VI. Review by District Court Judge.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

April 10, 2017

/s / M. Page Kelley
M. Page Kelley
United States Magistrate Judge

---

[11] The only reference to Patricia Lencki in the amended complaint is that she was allegedly responsible for delaying the filing of one of Barbosa's state court actions. (*See* #31 at 8.) This alleged malfeasance does not fall within the parameters of claims under which plaintiff is allowed to proceed, as set forth by the district court (*see* #44), and shall not be considered by the court. For this reason, defendant Patricia Lencki should be dismissed from this action.