UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICARDO MIGUEL ZEFARINO BARBOSA,
    Plaintiff,

v.                                CIVIL ACTION NO. 14-13439-ADB

COMMONWEALTH OF MASSACHUSETTS, et al.,
    Defendants.

REPORT AND RECOMMENDATION ON
THE *SUA SPONTE* DISMISSAL OF DEFENDANTS
<u>JAMES LENCKI, JOSEPH LENCKI, AND PAUL KEENAN</u>.

KELLEY, U.S.M.J.

I. <u>Introduction</u>.

In a Report and Recommendation dated April 10, 2017 (#154), incorporated by reference here, the court recommended dismissal of all claims against defendants Morrissey, Lally, Kelly, Cousins, Statezni, Wall, Devlin, Wornum, Tenaglia, and Patricia Lencki (the Previously Dismissed Defendants). (*See* #154). Given that the claims alleged against defendants James Lencki, Joseph Lencki, and Paul Keenan stem from the same factual predicate as, and are identical to, those asserted against the Previously Dismissed Defendants, which the court found to be untenable under 42 U.S.C. § 1983, the court recommends that these claims be dismissed *sua sponte*. *See Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 7 (1st Cir. 2007) ("a *sua sponte* dismissal entered without prior notice to the plaintiff may be proper in relatively egregious

circumstances. 'If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand.'")(quoting *Gonzalez–Gonzalez*, 257 F.3d 31, 37 (1st Cir. 2001)).

## II. Discussion.

Barbosa accuses James Lencki, Joseph Lencki, and Paul Keenan of stealing money from his coat at the time of his arrest and destroying his property. (*See* #31 at 4, 18.) Specifically, plaintiff asserts that while he was being fingerprinted, photographed, and read his *Miranda* rights, "Kevin Devlin, James Lencki, Robert Tenaglia, Debra Wornum, Joshua Wall, Paul Keenan, Adam Lally, Michael Morrissey, or Joseph Lencki . . . removed . . . money from the Plaintiff's coat . . . ." *Id.* at 4. With respect to the destruction of his property, Barbosa asserts that James Lencki, Joseph Lencki, and Paul Keenan "cracked into his brand new phone, removing all [of] its memory and it's [sic] card, making it unworkable[,] [and] [t]hey ripped his car door panels looking for drugs . . . ." *Id.* at 18.

As was made clear in the court's earlier Report and Recommendation, plaintiff's allegations with respect to the theft of his money and the destruction of his property are not, and cannot be, viable grounds on which to pursue relief under § 1983 due to the availability of post-deprivation remedies. (*See* #154 at 5-8.) Therefore, the claims against James Lencki, Joseph Lencki, and Paul Keenan should be dismissed.

## III. Conclusion.

For all of the reasons stated, I RECOMMEND that all claims against Defendants James Lencki, Joseph Lencki, and Paul Keenan be DISMISSED.

IV. <u>Review by District Court Judge</u>.

The parties are advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

April 11, 2017

/s / M. Page Kelley
M. Page Kelley
United States Magistrate Judge